**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL SZIVA,** ) | Case No.  5:08-CV-0907 |
|  ) |  |
| Petitioner, ) | **Judge Dan Aaron Polster** |
|  ) | **Magistrate Judge Vecchiarelli** |
| vs. ) |  |
|  ) |  |
| **JULIUS WILSON, WARDEN,** ) | **MEMORANDUM OF OPINION** |
|  ) | **AND ORDER** |
| Respondent. ) |  |
|  ) |  |
|  ) |  |

Before the Court is the Report and Recommendation (the "R&R") of Magistrate Judge Nancy A. Vecchiarelli. **(Doc. #:  8.)**  Pending is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody (the "Petition"), filed on April 4, 2008 by Petitioner Michael Sziva.  **(Doc. #: 1.)**  For the reasons as follows, the Court **ADOPTS** the R&R of  Magistrate Judge Vecchiarelli and **OVERRULES** Petitioner's objections.

### I.  BACKGROUND

On December 5, 2005, the Summit County Grand Jury indicted Sziva on one count each of aggravated possession of drugs with a major drug offender specification, complicity to commit aggravated trafficking in drugs, and conspiracy to commit aggravated

trafficking in drugs. In March 2006, the Summit Count Grand Jury issued a supplement to its prior indictment, adding one count of complicity to commit aggravated trafficking in drugs. On July 21, 2006, after a jury trial, the jury returned a verdict of guilty on all counts in the indictment. On July 26, 2006, the court sentenced Sziva to ten years in prison.

Thereafter, in December 2006, Sziva timely appealed his convictions to the Ohio Ninth District Court of Appeals, alleging the following two assignments of error:

> I. The Court abused its discretion and/or committed error in permitting Detective McFarland to testify as to the hearsay statements of a co-defendants in violation of the Sixth and Fourteenth Amendments of the United States Constitution and in violation of the Supreme Court decision *Crawford v. Washington* as well as Ohio hearsay law.
>
> II. The Court erred in not permitting the Defendant to present evidence that exculpated him form the commission of the crime and thus denied the Defendant his constitutional right to call witnesses in his own defense and his Due Process of Law as guaranteed by the Fourteenth Amendment to the United States Constitution.

On September 28, 2007, the state appellate court overruled Sziva's assignments of error and affirmed the judgment of the trial court.

Sziva appealed to the Ohio Supreme Court, which denied and dismissed his appeal on February 20, 2008. Sziva filed this Petition on April 9, 2008 which presented three grounds for relief:

> 1. Petitioner was denied his right of confrontation and cross-examination where the trail court permitted an investigating detective to testify to statements of a co-defendants who was not being tried jointly with petitioner.
>
> 2. Petitioner was denied his constitutional right to present a defense where the trial court prohibited petitioner from offering exculpatory information which would aid petitioner in his defense.

-2-

> 3. Petitioner was denied due process of law where the reviewing court determined that there was a constitutional error.  However, neither the prosecutor nor the Court of Appeals found such error to be harmless beyond a reasonable doubt.  Moreover, the prosecution offered no reason to establish harmless error.

(Doc. #: 1).  Respondent filed a Return of Writ on June 24, 2008. (Doc. #: 6.)

On October 02, 2008, Magistrate Judge Vecchiarelli issued the R&R recommending the Court dismiss the Petition. (Doc. #: 8.)  Sziva timely filed objections to the R&R (the Objections").  (Doc. #: 11.)  Following the elevation of Judge O'Malley to the Court of Appeals for the Federal Circuit on December 23, 2010, the case was transferred to me.

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, altered the standard of review that a federa*l court must apply* when deciding whether to grant a writ of habeas corpus.  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d);  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court provided the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams*, 529 U.S. at 412). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 412). The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000). Here, Sziva timely filed Objections, and accordingly the Court conducts a *de novo* determination of those portions of the R&R to which Sziva properly objected, pursuant to 28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

#### A.

In his first objection, Sziva argues that the Magistrate Judge erred in concluding that the statements related by the investigating detective from a non-testifying co-defendant were not testimonial. After quoting the state appellate court at length, the Magistrate Judge could find no error in the appellate court's findings of fact or conclusions of law. Further, the Magistrate Judge noted that Sziva presented no argument that the statements made by his co-defendant, Ronald Phillips, were indeed testimonial, nor did he offer any alternative analysis employing an appropriate legal framework. Instead, Sziva analogized Phillips' statements to the statements of a confidential government informant and argued that if a confidential informants accusations are inadmissible, then so to are Phillips' statements.

Sziva raises exactly the same arguments and allegations in his objections to the R&R as previously set forth -- analogizing Phillips' statements to him to those of a confidential informant. *United States v. Cromer*, 389 F.3d 662 (6th Cir.2004) (holding that statements made by a confidential informant to the police are testimonial under *Crawford v. Washington*).  The informant in *Cromer* inculpated the defendant in statements to the police.  The informant's statements were thus akin to statements elicited during police interrogation, i.e., the informant could reasonably anticipate that the statements would be used to prosecute the defendant.  As the Supreme Court observed in *Crawford v. Washington*, "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." 541 U.S. at 51, 124 S.Ct. 1354 (2004).

In this case, neither Sziva nor Phillips were confidential informants, nor were Phillips' statements akin to those elicited during police interrogation.  The Magistrate Judge found that Sziva failed to explain why the obvious difference between Phillips and a confidential government informant are more important than whatever similarities they may share.  Indeed, the statements at issue here are more akin to "casual remarks" made to an acquaintance than to those made by a confidential informant.  Phillips' statements were not "knowingly or purposely made to authorities." *Cromer*, 389 F.3d at 675.  Further, Phillips could not have reasonably anticipated that his statements would be used to prosecute Sziva or himself.  Even if the court were to find that Sziva was acting as an informant at the behest of the police, a declarant's statements to a confidential informant, whose true status is unknown to the declarant, do not constitute testimony within the meaning of *Crawford*.  *See United States v. Franklin*, 415 F.3d 537, 546 (6th Cir. 2005) (citing *United States v. Saget*, 377 F.3d 223, 229 (2d Cir.2004)).  Sziva has failed

to point to any error in law or fact made by the Magistrate Judge. Accordingly, Respondent's first objection is overruled.

**B.**

Sziva again raises exactly the same arguments and allegations in his next objection to the R&R as previously set forth – that he was deprived of his right to a defense by the trial court's exclusion of exculpatory statements made by a one Mr. Pratt, an acquaintance of Phillips. In support of his argument, Sziva cites the Supreme Court case *Chambers v. Mississippi*, 410 U.S. 284 (1973) and a Ninth Circuit Court of Appeals decision *Chia v. Cambra*, 360 F.3d 997 (9th Cir. 2004). In both cases, the courts found the exclusion of self-inculpating third-party statements to be a violation of a defendant's due process right to present a defense. *Chambers*, 410 U.S. at 302; *Chia*, 360 F.3d at 1004-05.

Sziva argues that the Magistrate Judge erroneously required that he demonstrate that the trial court or appellate court arrived at an opposite result from an "identical" United States Supreme Court case. Sziva maintains that he need not present a case with the exact same facts. In essence, Sziva argues that the Magistrate Judge employed an erroneous standard of review. The Court disagrees.

The Magistrate Judge found that Sziva did not carry his burden of demonstrating that the court in his case arrived at an opposite result from a holding of the United States Supreme Court on materially indistinguishable facts. While a petitioner need not demonstrate that the facts in his case are exactly the same to those of Supreme Court case, he must show that his case is not *materially* different. Here, the Magistrate Judge noted several *materially distinguishable* facts between Sziva's case and *Chambers* and *Chia*. For one, the basis in first-

hand knowledge of most of Pratt's statements was questionable. Further, Sziva failed to show how Pratt's statements were relevant to the accusation against him. Most importantly, Pratt's statements were not self-inculpatory, and therefore, lacked the indicia of reliability found in the declarants' statements in *Chambers* and *Chia*. Sziva has failed to demonstrate that the facts in his case are materially indistinguishable, much less similar, to those in *Chambers* and *Chia.* Accordingly, Sziva' second objection is overruled.

## C.

Sziva's third and final objection is that the Magistrate Judge erred when she found no fault with the state appellate court's determination on the harmless error issue. The Magistrate Judge found that the appellate court's decision affirming the exclusion of Pratt's testimony was not constitutional error; therefore, the question whether the appellate court erred in finding that any such error was harmless was moot. Moreover, even if the issue was not moot, the Magistrate Judge found that the trial court's exclusion of Pratt's irrelevant testimony could not have had a "serious and injurious" impact on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Rather than point to any error in law or fact made by the Magistrate Judge, Sziva trots out the same relevance arguments previously set forth and rejected by the state courts. The appellate court and the Magistrate Judge found *no error* with the trial court's exclusion of Mr. Pratt's testimony. In the absence of any error whatsoever, a court is not required to determine whether any harm resulted because of the trial court's decision. Indeed, the Court finds the appellate court's and Magistrate Judge's discussion of the harmlessness of any "assumed" or hypothetical error to be dicta of no import. Accordingly, Sziva's third objection is without merit.

### III. CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation **(Doc. #: 8.)** in full, and **DISMISSES** Sziva's § 2254 Petition for Writ of Habeas Corpus By A Person In State Custody **WITH PREJUDICE**. **(Doc. #: 1.)**

    **IT IS SO ORDERED.**

        */s/ Dan Aaron Polster    January 23, 2011*
        **Dan Aaron Polster**
        **United States District Judge**