UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SZIVA, | Case No. 5:08-CV-0907 |
| Petitioner, | Judge Dan Aaron Polster |
| vs. | |
| JULIUS WILSON, WARDEN, | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | |

Before the Court is Petitioner's Motion to Alter and Amend Judgment or Motion for a New Trial (the "Motion"). (**Doc.#: 15.**).  Therein, Petitioner asks the Court to reverse its ruling adopting the Report and Recommendation of Magistrate Judge Vecchiarelli and denying the § 2254 Petition for Writ of Habeus Corpus. (Doc.#: 13.)

A Rule 59(e) motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent a manifest injustice. *GenCorp Inc. v. Am. Int'l Underwriters Inc. Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citing Fed. R. Civ. P. 59(e)).  Such motion may not, however, be used to re-argue the same issues, present the same arguments, or present evidence that could have been raised prior to the entry of judgment. *J.P. v. Taft*, No. C2-04-0692, 2006 WL 689091, at *6 (S.D. Ohio Mar. 15, 2006) (quoting *Brown v. City of Syracuse*, No. 5:01-CV-1523, 2005 WL 2033492, at *1-2

(N.D.N.Y. Aug. 17, 2005), in turn citing 11 WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). "Where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented in the original motion, the proper vehicle for relief is an appeal." *Davis v. Bagley*, No. C-1-97-402, 2002 WL 193579, at *1 (S.D. Ohio Jan. 17, 2002) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd*, 11 F.3d 1341 (6th Cir. 1992)).

In the Motion, Petitioner makes two principal arguments. First, the Court erred when it determined that the investigating detective's testimony relating hearsay statements of an unavailable co-defendant was not "testimonial" in accordance with the Supreme Court's holding in *Crawford v. Washington*, 541 U.S. 36 (2004).[1] Second, the Court erred when it determined that excluded proffered testimony of a particular fact witness did not deprive Petitioner his right to a defense as guaranteed by the Fourteenth Amendment. The Court finds that the arguments

---

[1] Notwithstanding the fact that a decision is contrary to clearly established law only if it reaches a conclusion opposite to that reached by the Supreme Court, the case cited by Petitioner does not point to a different result other than that which has been reached by the Court.

In its argument, Petitioner relies principally on *United States v. Cromer*, 389 F.3d 662 (6th Cir. 2004). Petitioner argues that the result reached in *Cromer*, that a confidential informant's hearsay statements are testimonial and implicate the Confrontation Clause, are directly analogous with the hearsay statements made by Phillips. This analogy is simply incorrect. In making its determination on whether the confidential informant's statements were testimonial, the court in *Cromer* relied on Professor Richard Friedman's definition of "testimonial" for purposes of Confrontation Clause analysis. *Id.* at 674. This definition excluded "statement[s] made by one participant in a criminal enterprise to another, intended to further the enterprise." Richard D. Friedman, *Confrontation: The Search for Basic Principles*, 86 GEO. L.J. 1011, 1042-43 (1998). When Petitioner called Phillips, Phillips was communicating to him as one participant in a criminal enterprise to another.

"*Crawford* at least suggests that the determinative factor in determining whether a declarant bears testimony is the declarant's awareness or expectation that his or her statements may later be used at a trial." *United States v. Saget*, 377 F.3d 223, 228 (2d Cir. 2004). Phillips had no idea his statements were being relayed to detectives, and had no expectation or awareness that his statements might later be used at a trial. His statements, therefore, do not implicate the Confrontation Clause.

-2-

that Petitioner raises are identical to the arguments presented to the Court in both the Traverse (Doc.#: 7) and in the Objections to the Magistrate Judge's R&R (Doc.#: 11.)  Because Petitioner does not show that there has been a clear error in law, present any newly discovered evidence, or show that there has been an intervening change in law, the Rule 59(e) Motion to Alter or Amend must be denied.  *GenCorp*, 178 F.3d at 834.

Accordingly, the Court hereby **DENIES** Petitioners Motion to Alter or Amend Judgment or Motion for a New Trial.  (**Doc.#: 15**.)

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster  February 17, 2011*
**Dan Aaron Polster**
**United States District Judge**